IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK HARDER,

                       Petitioner,

v.

UNITED STATES OF AMERICA,

                       Respondent.

OPINION and ORDER

21-cv-188-jdp
14-cr-67-jdp

---

Mark Harder petitions for habeas relief under 28 U.S.C. § 2255, challenging his 2014 conviction for failing to register as a sex offender as required under the Sex Offender Registration and Notification Act. Harder contends that his predicate conviction—a 1998 Louisiana conviction for indecent behavior with a juvenile—is not a "sex offense" as that term is defined in SORNA, and that his trial counsel was ineffective for failing to so advise him.

Harder's petition is untimely, and he offers no justification the delay. But I consider the merits because his petition raises issues pertinent to several recent cases in this court. The SORNA definition of "sex offense" is broad, particularly so for offenses with minor victims. Applying a mostly categorical analysis, I conclude that Harder's conviction under the Louisiana statute constitutes a SORNA sex offense. Harder's petition is denied.

BACKGROUND

In 1998, Harder was charged with "aggravated oral sexual battery" of a 15-year-old boy. Presentence Report, Dkt. 22, ¶ 58.[1] Harder pleaded guilty to an amended charge of "indecent

---

[1] Docket citations in the background section are to Harder's underlying criminal case, No. 14-

behavior with a juvenile" in violation of Louisiana Revised Statute § 14:81. He was sentenced to a six-year term of incarceration and he was required under Louisiana law to register as a sex offender until 2023. He was re-incarcerated on the Louisiana conviction in 2005 and released from custody in 2008. At some point, Harder moved to Wisconsin, but he did not register as a sex offender.

In 2014, Harder pleaded guilty to failing to register as a sex offender in violation of SORNA. He was sentenced to 24 months incarceration and five years of supervised release. Judgment was entered December 1, 2014. He did not appeal, so his conviction became final when the appeal deadline expired on December 31, 2014.

In 2017, Harder admitted violations of the conditions of his release. His supervision was revoked and he was sentenced to 12 months incarceration and three years of supervised release. Dkt. 40. He appealed; the appeal was dismissed as frivolous. Dkt. 50.

In 2018, Harder admitted several violations of the conditions of his release. Although he disputed that he had violated the condition that he not have contact with juveniles, I found that he had violated that condition as well. His supervision was revoked and he was sentenced to 24 months incarceration and four years of supervised release. Dkt. 59. He appealed. The court of appeals remanded the case with instructions to delete or revise Special Condition No. 11 pertaining to third-party notification. Dkt. 71. Special Condition No. 11 was modified. Dkt. 72.

---

cr-67.

In 2021, I found that Harder had again violated the conditions of his release, and I revoked his supervision. Harder was sentenced to 24 months incarceration and four years of supervised release. Dkt. 88. He appealed, but voluntarily dismissed the appeal. Dkt. 94.

While Harder's supervised release was under review in 2021, Harder filed the petition for habeas relief that is now before the court. He had not previously raised the issue that his Louisiana conviction was not a SORNA "sex offense."

## ANALYSIS

**A. Harder's petition is untimely**

Harder concedes that his petition is untimely, Dkt. 1, at 2, because it was filed long after the one-year limitations period in § 2255(f). Harder did not appeal his federal conviction and it became final long ago. And he does not purport to rely on any right newly recognized by the Supreme Court. He simply contends that under a proper legal analysis, he is actually innocent, and that "[a]ctual innocence defeats any otherwise applicable affirmative defense of procedural default." *Id*. (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). The government doesn't contest the point and moves straight to the merits. Dkt. 3, at 2 n.2.

The parties pass too quickly over the timeliness issue. *McQuiggin* involved a claim of actual innocence based on newly discovered evidence. The Supreme Court held that the untimeliness of the petition was not a bar to the presentation of evidence of actual innocence, although the timing of the petition would be a factor to consider in whether a convincing showing of actual innocence could be made. But a convincing showing of actual innocence merely opened the gateway to considering the merits of the habeas petition, which would

3

ultimately succeed only if the petitioner showed a violation of his constitutional rights. Actual innocence was not a free-standing ground for habeas relief.

Harder's claim of actual innocence is predicated not on new evidence, or even a change in the law, but on a putative legal error that has lain unnoticed for years. Harder could have raised this issue on direct appeal, but he did not appeal. And, even failing to raise it on direct appeal, he could have raised it in a petition alleging ineffective assistance of counsel under § 2255. *See Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (ineffective assistance of counsel claims may be raised for first time in § 2255 motion). Ordinarily a petition under § 2255 would be subject to the one-year limitations period, meaning that Harder would have had to file his petition by December 31, 2015. But that might be overcome with equitable tolling by showing diligence and cause for the delay. *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021). Harder offers no evidence of his diligence or any justification for delay, so I conclude that he is not entitled to equitable tolling. But Harder proposes something much more radical: that the legal error of his trial counsel is simply not subject to the § 2255 limitations period.

Harder's position cannot be squared with *Lund v. United States*, 913 F.3d 665 (7th Cir.), *cert. denied*, 140 S. Ct. 191 (2019), in which the court of appeals enforced the § 2255 statute of limitations on a similar claim. Lund brought an untimely petition under § 2255 based on *Burrage v. United States*, 571 U.S. 204 (2014), a Supreme Court decision issued after his conviction that would have made him legally innocent of causing death by the distribution of heroin. The court of appeals, citing and applying *McQuiggin*, affirmed the denial of Lund's petition, reasoning that Lund could not use *Burrage* both as the basis for his claim of actual innocence to overcome his procedural default and as the substantive basis for his habeas

petition. *Id*. at 668. Allowing him to do so would "completely undermine the statute of limitations from bringing initial § 2255 motions." *Id*. The court of appeals rejected the idea that "[e]very time there is a retroactive interpretation of a criminal law, petitioners convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely." *Id.* at 669.

Harder doesn't assert any new or retroactive interpretation of the law as the basis for his § 2255 claim. Harder, unlike Lund, expressly contends that his trial counsel was ineffective. But Harder doesn't contend that trial counsel was ineffective in any way other than by missing the legal principle that Harder contends makes him innocent. Harder's perfunctory assertion of ineffective assistance of counsel does not escape the reasoning of *Lund*: under Harder's view, he would have a § 2255 claim that endures indefinitely, completely undermining the statute of limitations. The court concludes that Harder, like Lund, is not entitled to use his tardy assertion of actual innocence to overcome the statute of limitations.

But even if Harder's claim were not barred as untimely, it fails on the merits.

**B. Harder is a sex offender under SORNA**

The parties agree that whether Harder's Louisiana conviction is a SORNA sex offense is determined by a categorical analysis, which requires the court to compare the Louisiana statute of conviction to the SORNA definition of "sex offense," without regard to Harder's actual offense conduct. If the scope of the Louisiana statute is broader than the definition of sex offense under SORNA, then a conviction under the Louisiana statute is not a sex offense and Harder should not have been convicted of failing to register.

5

1. **Sexual act/sexual contact**

Harder's main argument is that the Louisiana statute prohibiting "indecent behavior with juveniles" doesn't meet the SORNA definition in 34 U.S.C. § 20911(5)(A)(i), because that part of the SORNA definition requires actual contact with the victim, but the Louisiana statute doesn't.

The parties agree about the Louisiana side of the equation. The statute provides, in pertinent part:

> § 81. Indecent behavior with juveniles
>
> A. Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.

Louisiana Rev. Stat. § 14:81 (1998). The statute does not necessarily require actual contact with the juvenile; it also prohibits lewd or lascivious acts committed "in the presence of any child."

The parties' dispute concerns the interpretation of the SORNA definition at issue, which is:

> a criminal offense that has an element involving a sexual act or sexual contact with another;

34 U.S.C. § 20911(5)(A)(i). The government contends that the terms "sexual act" and "sexual contact" should be given their ordinary meaning, so that "sexual act" would mean any act that is sexual, including, for example, masturbation. Thus, a conviction under a statute that criminalized masturbating in front of someone is a sex offense, because it has an element involving a sexual act with another, even though no touching of the victim was required.

6

Harder contends that the terms "sexual act" and "sexual contact" should be given the special definitions used in United States Code Chapter 109A, relating to federal sex abuse crimes. Both terms, as defined in the federal sex abuse chapter, require actual touching of the victim. "Sexual act" means:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2). "Sexual contact" is defined as follows:

> the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(3). Both definitions require contact with specified body parts of the victim. A lewd act committed in the presence of the victim, but without touching the victim, would not qualify as a sexual act as that term is defined in Chapter 109A. So the question is whether the Chapter 109A definitions for the terms "sexual act" and "sexual contact" should be imported into the definition in § 20911(5)(A)(i) of SORNA.

Some courts, including this one, have used the Chapter 109A definitions in conducting categorical analyses of SORNA predicate offenses. *See United States v. Walker*, 931 F.3d 576,

581 (7th Cir. 2019); *United States v. Thayer*, No. 20-CR-88, slip op. at 6–7 (W.D. Wis. June 29, 2021). One theory behind this approach might be that § 20911(5)(A)(i) is intended merely to cover state offenses that are the equivalent of federal sex abuse crimes. I'm not persuaded that this is the proper approach, for two primary reasons.

First, some, but not all, parts of the SORNA definition of sex offense expressly cite federal definitions. The several tiers of sex offenders are defined, in part, by reference to specific federal crimes. For example, a Tier II offender includes one convicted of "abusive sexual contact (as described in section 2244 of title 18, United States Code)." And the multi-part definition of sex offense in § 20911(5)(A) also includes references to several specified federal crimes:

> the term "sex offense" means--
>
> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of title 18, United States Code) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18, United States Code;
>
> (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
> (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

Congress plainly demonstrated the intent to incorporate some federal definitions into SORNA, but it did not do so in subsection (5)(A)(i).

Second, the structure of SORNA supports using the broader, plain meaning of "sexual act" and "sexual contact." An offender who is convicted of abusive sexual contact under 18 U.S.C. § 2244 is classified as a Tier II sex offender, thus subject to a 25-year registration

8

requirement. § 20911(3)(A)(iv). Abusive sexual contact would include, among other things, sexual touching of the defined intimate parts of a minor by use of threats; it is the least serious of the federal sex abuse crimes. Tier I sex offenders are less serious offenders subject to only a 15-year registration period. A conviction for any federal sex abuse crime puts the defendant in Tier II. So the tier structure demonstrates that SORNA also applies to a broader range of offenses, including offenses less serious than the federal sex abuse crimes.

The better interpretation of § 20911(5)(A)(i) is that "sexual act" and "sexual contact" do not incorporate the restrictive definitions from Chapter 109A, but reach a fuller range of sex offenses. "Sexual act" in this subsection means any act that is sexual, regardless of whether it involves touching the victim. Under this interpretation, the Louisiana crime of indecent behavior with juveniles is a categorical match to the SORNA definition of sex offense in 34 U.S.C. § 20911(5)(A)(i).

But even if § 20911(5)(A)(i) were construed restrictively as Harder urges, his petition would nevertheless fail because there is another SORNA definition of sex offense applicable to his Louisiana conviction.

### 2. Specified offense against a minor

The SORNA definition of sex offense also includes offenses that are "a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii). Those specified offenses are, in turn, defined in § 20911(7). That section bears the heading "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators," which leaves little doubt that Congress intended a particularly capacious definition of "sex offense" for crimes involving minor victims.

9

Which brings us to Harder's secondary argument: that his conviction under Louisiana law is not a "specified offense against a minor" because it encompasses conduct "well beyond that prohibited by federal statutes." Dkt. 1, at 7. (The argument is scantly stated in a single paragraph; it could be deemed forfeited.)

The government's counterargument is that subsection (7) calls for a circumstance-specific evaluation of Harder's actual offense conduct. I am not persuaded, because that would invite judicial fact-finding that would be inconsistent with purposes of categorical analysis, one of which is to protect a defendant's right to a jury trial on any fact that increases his sentence exposure. *See Thayer*, at 2–4.

But even sticking with the categorical approach, and thus eschewing consideration of Harder's offense conduct, a conviction under the Louisiana statute constitutes a sex offense. The SORNA definition of "specified offense against a minor" provides, in pertinent part:

> Expansion of definition of "specified offense against a minor" to include all offenses by child predators.
>
> The term "specified offense against a minor" means an offense against a minor that involves any of the following:
>
> . . .
>
> (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
>
> (I) Any conduct that by its nature is a sex offense against a minor.

34 U.S.C. § 20911(7).

Paragraph (I) would appear to be the broadest part of the definition, but it uses the term it purports to define—sex offense—so it is circular in a way that makes it difficult to interpret. So I'll focus on the definition in paragraph (H), particularly the part that defines sex offense to include any offense that involves "criminal sexual conduct involving a minor." The

10

Louisiana statute requires a minor victim, in fact a victim under the age of sixteen. The statute requires the defendant to commit an act that is lewd or lascivious and that is intended to arouse or gratify the sexual desire of either person, so the statute requires sexual conduct. Penalties under the Louisiana statute are a fine and a prison sentence of up to seven years, meeting the SORNA definition of "criminal offense." § 20911(6). The Louisiana statute sweeps no more broadly than the definition in subsection (7)(H).

### 3. The SORNA exception for close-in-age defendants

Harder doesn't mention it, but there is a mismatch with the carve-outs for close-in-age defendants. The Louisiana statute requires an age difference of more than two years between the defendant and the victim. But SORNA includes a more generous exception for consensual conduct if the victim is at least 13 and the defendant is no more than four years older. 34 U.S.C. § 20911(5)(C). Thus, the Louisiana statute would criminalize consensual sexual conduct by a 18-year-old defendant with a 15-year-old victim, but that would not constitute a sex offense under SORNA.

But the SORNA carve-out for a close-in-age defendant does not call for categorical analysis. The court of appeals has held that the text of § 20911(5)(C) calls for consideration of the actual offense conduct. *United States v. Rogers*, 804 F.3d 1233, 1237 (7th Cir. 2015). ("This language [in § 20911(5)(C)] doesn't refer to elements of the offense; it refers to specific facts of the offense. The categorical approach does not apply to the exception.").[2] The factual

---

[2] This is a point that I missed in my decision in *Thayer*. In *Thayer*, I concluded that the difference in the "Romeo and Juliet" exceptions in SORNA and in the Minnesota statute defining criminal sexual contact was a categorical mismatch that required dismissal of the indictment. But if, as *Rogers* holds, the application of the SORNA exception in § 20911(5)(C) requires consideration of the underlying offense conduct, and not a strictly categorical analysis, then Thayer was not entitled to dismissal of the indictment on that ground.

11

record establishes that the exception does not apply to Harder: his victim was 15, and at the time of the offense Harder was 35. Presentence Report, ¶ 58 (Dkt. 22, in Case No. 14-cr-67).

CONCLUSION

There is a categorical match between the SORNA definition of sex offense and the Louisiana statute. The SORNA exception for close-in-age defendants requires me to consider the facts of Harder's offense conduct, which show that the exception does not apply. I therefore conclude that Harder was previously convicted of a sex offense, and he was thus properly convicted of failing to register as a sex offender. But because Harder's petition raises complex legal questions that reasonable jurists might have resolved differently, I will grant Harder a certificate of appealability. *See Miller El v. Cockrell*, 537 U.S. 322, 336 (2003).

ORDER

IT IS ORDERED that:

1. Mark Harder's petition for habeas relief under 28 U.S.C. § 2255 is DENIED.

2. Harder is GRANTED a certificate of appealability.

Entered August 5th , 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge